## Luther P. Friestedt v. Henry S. Dietrich and Harry W. Dietrich.

1. REAL ESTATE BROKER—*When Entitled to His Commission.*—A broker is entitled to his commission, if the purchaser presented by him and the vendor, his employer, enter into a valid, binding and enforceable contract; or if, after making such a contract, even though executory in form, the purchaser declines to complete the sale, and the seller refuses to compel performance.

2. JUDICIAL NOTICE—*Of Ordinances.*—Courts will not take judicial cognizance of the existence of ordinances.

Assumpsit, for commissions. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed October 20, 1899.

ALBERT H. MEADS, attorney for appellant.

J. F. SNYDER and H. M. COBURN, attorneys for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

This suit was brought by appellees to recover commissions in the matter of a real estate transaction. Appellant and one Schwartz entered into a written contract for the

exchange, or the sale and conveyance, by each to the other, of certain real estate situated in the city of Chicago. The abstract of the record is but little more than an index. It seems that the appellees brought the parties to said contract together and caused the deal between them to be made and consummated, so far as appellees could do so; *i. e.*, said parties accepted each other as purchaser and seller, and entered into a valid contract. The commissions to be paid to appellees were divided between the parties to said contract, and they were respectively to pay a certain fixed portion of the commissions, and the following agreement was made a part of said contract, viz. :

" Brokerage fees to be paid as follows, to wit:

" Party of the first part to pay to H. S. Dietrich & Co. five hundred and 00-100 dollars ($500.00). Party of the second part (appellant) to pay to H. S. Dietrich & Co. two hundred and fifty ($250) dollars."

The purchases and sales provided in said contract to be made were never consummated. It is not, however, contended but that said contract was valid and binding upon the parties thereto. Either of the parties thereto could have enforced the same against the other. The case at bar is peculiar in this, that both the parties to the contract agree to pay commissions. But they are both sellers as well as purchasers. There is, therefore, no improper or illegal attempt to recover commissions from both parties. And there would be no legal objection to collecting or recovering commissions from both sides, if that was mutually understood and agreed to by all the parties prior to making the contract, as in the case at bar.

It is unnecessary to go farther than the late case of Wilson v. Mason, 158 Ill. 304, in considering the question of the right of appellees to recover in this case. The court, in that case, in speaking of the right of a broker to recover commissions, says (p. 310):

" If the principal accepts the purchaser thus presented, either upon the terms previously proposed, or upon modified terms, then agreed upon, and a *valid* contract is entered into between them, the commissions are earned."

And further (p. 311):

" The true rule is that a broker is entitled to his commissions if the purchaser presented by him and the vendor, his employer, enter into a *valid*, binding and enforceable contract. If, after making such a contract, even though executory in form, the purchaser declines to complete the sale and the seller refuses to compel performance, the broker ought not to be deprived of his commissions."

It was held in that case by the trial court and the Appellate Court (57 Ill. App. 325), as well as the Supreme Court, that the broker could not recover commissions because the contract of sale was not a valid, binding and enforceable contract. And that is the only reason stated why the broker could not recover.

Most of the cases cited by appellant, upon the question of the right of a broker to recover commissions, are where the fact as to whether the broker procured a purchaser who was able and willing to consummate the purchase was the main point in the case. But that question is not before us in the case at bar.

Again, it is urged by appellant that appellees can not recover because they did not show, by proper evidence, that they were licensed brokers. We are not aware of any *statute* in this State which requires that a broker should obtain a license. There is nothing in the pleadings as to any law or ordinance concerning a license. We can not take judicial cognizance of the existence of such an ordinance. The point is not well taken under the pleadings in this case.

Upon the question of fact, as to any verbal agreement concerning commissions, this court can not reverse the finding and judgment of the trial court, unless such judgment is manifestly against the weight of the evidence. We do not think it is. On the contrary, the finding of the trial court is in accord with the evidence.

The judgment of the Circuit Court is affirmed.